IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03329-MJW

REBECCA HILL,

Plaintiff,

v.

A & D AUTOMATIC GATE & ACCESS, INC. and
ARTHUR DOUGLAS HIRD, JR.,

Defendants.

## ORDER ON
## MOTION FOR DETERMINATION OF CHOICE OF LAW REGARDING DAMAGES
**(Docket No. 13)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Initially, this case was before this court pursuant to an Order Referring Case (Docket No. 3) issued by Judge Wiley Y. Daniel on January 8, 2013. On February 27, 2013, the parties filed consent to the jurisdiction of a magistrate judge (Docket No. 10). Pursuant to 28 U.S.C § 636(c), Judge Daniel entered an order assigning the case for all purposes to this court (Docket No. 11). The case was reassigned on February 28, 2013 (Docket No. 12).

Now before the court is plaintiff Rebecca Hill's Motion for Determination of Choice of Law Regarding Damages (Docket No. 13). Plaintiff seeks a ruling from the court to determine whether Colorado state law or California state law governs the determination of damages in this matter. Under Colorado law, including C.R.S. § 13-21-102.5, non-economic damages may be capped. Under California law, no such cap

exists. Not surprisingly, plaintiff argues that California law governs, while defendants argue Colorado law governs.

"A federal court sitting in diversity must apply the choice of law rules of the forum in which it sits." Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). Colorado court's apply the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws, under which the following relevant contacts are considered: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145; Morgan v. United Air Lines, Inc., 750 F. Supp. 1046, 1054-55 (D. Colo. 1990).

In general, "in personal injury and wrongful death actions, . . . the law of the state of injury should apply unless some other state has a more significant relationship to the litigation." See Morgan, 750 F. Supp. at 1055 (citation and internal quotation marks omitted); see also Boone v. MVM, Inc., 572 F.3d 809, 812 & n.1 (10th Cir. 2009); Lewis-DeBoer v. Mooney Aircraft Corp., 728 F. Supp. 642, 644 n.1 (10th Cir. 1990) (citing Kozoway v. Masset-Ferguson, Inc., 722 F. Supp. 641, 643 (D. Colo. 1989)). However, this factor is less significant where the location of the injury is merely fortuitous. Restatement (Second) of Conflict of Laws § 145, cmt. e; Elvig v. Nintendo of Am., Inc., 696 F. Supp. 2d 1207, 1210-11 (D. Colo. 2010).

Here, the undisputed facts are as follows. Plaintiff is a citizen and resident of Colorado. Defendant A & D Automatic Gate Co. is a California corporation. Defendant

3

Arthur Hird, Jr. is a citizen and resident of California. Mr. Hird is a shareholder and President of A & D Automatic Gate Co.

On March 25, 2010, in Redwood City, California, an automobile accident occurred between a car in which plaintiff was a passenger and a truck owned by A & D Automatic Gate Co. and driven by Mr. Hird. Following the accident, plaintiff was transported by ambulance to Sequoia Hospital in Redwood City, California. Plaintiff was diagnosed with and treated for certain injuries. Plaintiff then returned home to Colorado. Subsequently, plaintiff was further diagnosed and treated by various doctors in Colorado. The parties have no relationship outside of the circumstances involving the accident.

Plaintiff points out that: (1) the injury occurred in California; (2) the involved cars were both registered in California; (3) defendants are connected only to California; (4) there is no relationship between the parties; and (4) the only connection to Colorado is plaintiff's citizenship and the fact that plaintiff continued to receive medical treatment in Colorado.

On the other hand, defendants argue that the state where plaintiff's injuries occurred is Colorado. Specifically, defendants argue that while plaintiff "sustained minimal abrasions and strains to her right arm and left shin in California, nearly all of her claimed injuries manifested in Colorado." Defendants make note of paragraph 20 in plaintiff's Complaint (Docket No. 1), which states:

> Plaintiff suffered injuries to her head, neck, rotator cuff, arms, hand, legs, feet and back which were discovered, diagnosed and otherwise treated by her Colorado-based physicians and healthcare providers.

4

It is clear to the court that California is the place of injury in this matter. As pointed out by plaintiff, the Restatements define "place of injury" as the place "where the force set in motion first takes effect on plaintiff." Restatement (Second) of Conflict of Laws § 175, cmt. b. Plainly, the automobile accident, which took place in California, is the force which "took effect" on plaintiff. Whether additional injuries caused by this force became apparent in Colorado at a later time does not change the "place of injury." Defendants do not point to some other intervening force which was set in motion in Colorado.

Furthermore, it can hardly be said that the place of injury was fortuitous. A fortuitous place of injury involves circumstances quite different from that of an automobile accident involving the alleged negligence of one of the parties. See Cagle v. The James Street Group, 400 Fed. Appx. 348, 357 (10th Cir. 2010) (finding place of injury was fortuitous in case involving breach of contract and negligence claims against attorneys performing work in a different state); Iskowitz v. Cessna Aircraft Co., 2010 WL 3075479, at *4 (D. Colo. Aug. 5, 2010) (finding place of injury was fortuitous because an aircraft crash could occur in any state over which the aircraft was scheduled to fly); Elvig, 696 F. Supp. at 1211 (noting that "fortuitous injury is most commonly applied in product liability cases involving vehicles (or components thereof) that can be expected to travel freely - and to fail, causing injury - in jurisdictions that otherwise have no particular connection to the parties other than mere happenstance"); Fanning v. Dianon Sys., Inc., No. 05-cv-01899, 2006 WL 2385210, at *3 (D. Colo. Aug. 16, 2006) (finding place of injury was fortuitous because the subject "processing error" took place in another state).

5

In addition, the only contact that favors Colorado is plaintiff's residency there. Considering that all other contacts favor California, especially in view of the greater importance afforded the place of injury, the court finds that the most significant relationship test favors California. Accordingly, California law governs the determination of damages in this matter.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that plaintiff Motion for Determination of Choice of Law Regarding Damages (Docket No. 13) is GRANTED insofar as California state law shall govern the determination of damages in this matter.

Date:  April 30, 2013               s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                    United States Magistrate Judge